## HILL vs. MORGAN.

APPEAL from the court of the first district.

MARTIN, J., delivered the opinion of the court. The defendant is sued as a tresspasser, having seized a quantity of coffee, which the plaintiff alleges to be his, on a writ of sequestration directed to him to seize coffee sold by Gale to Dewit. There was a verdict and judgment against him, and he appealed.

It appears Gale sold the coffee to Dewit on the 7th April, to be paid on delivery: the delivery was completed at half past twelve on the 8th, when Dewit, being in want of money to take up an acceptance by three o'clock, sold the coffee to the plaintiff, one hour after the delivery, and one hour after it was brought to the warehouse in which the plaintiff wished to have it stored. The plaintiff stipulated that the costs of drayage and storage during one month should be paid by Dewit. After the coffee was brought to the warehouse, and partly taken in and partly left before the door of it, and the owner of the warehouse had receipted for it, the plaintiff paid 4500 dollars

It is not necessary to the completion of the contract between vendor and vendee, that the article sold should be weighed in presence of the latter.

Payment is not a suspensive condition of a cash sale.

The right of the vendor to claim back the thing sold within eight days, can only be exercised when it is in possession of the vendee.

to Dewit, and then the sheriff seized the coffee on a writ of sequestration, on a suit by Gale against Dewit.

The defendant's counsel urges, that the coffee was still the property of Gale, because sold for prompt payment and unpaid for, and because it was sold by the pound and had been weighed by Gale, without the presence of Dewit, who never did agree to the weight.

That, if it be not the property of Gale, it is of Dewit, because, the coffee was not weighed on the second sale; because, as Dewit was to pay the drayage and storage for one month; the coffee was still in his possession, and there had been no delivery to the plaintiff; consequently no tranfer of property.

It is further contended, that as the sale to Dewit, was not on a credit, the vendor had a right, within eight days, to seize the coffee, notwithstanding a sale to a part purchaser.

That the thing sold is, after the agreement as to the object and price, at the risk of the vendee, is a matter of the *nature*, and not of the essence of the contract, and it is not less perfect, because this circumstance be excluded by a *stipulation* or by a *provision* of the law.

The sale, of a thing to be weighed, is not perfect, inasmuch as the things sold are at the risk of the seller, until they be weighed. *Civil Code*, 2433.    This is the only difference this circumstance creates; in all other respects the sale is complete and perfect.

But, in the present case, the coffee had been weighed.    The circumstance of its having been so, out of the presence of Dewit, might authorise him to refuse payment till the coffee was weighed before him, or till the fairness of the weight was established by legal proof, which he was unable to contradict; and as he received the coffee and sold and delivered it into the warehouse, indicated by his vendee, it is clear he discharged his vendor from the risk; and so the sale was at all events, and in all respects between him and his vendor, as perfect as if it had been weighed in his, Dewit's presence; though he was not, perhaps, concluded by the weight, and had the faculty of showing any error in it.

As to the second sale, it is in evidence that a note of the weight, from Gale's books, being furnished to the plaintiff, he was informed payment might be made thereon, if he was not satisfied, he might weigh the coffee; a cir-

HILL
*vs.*
MORGAN.

cumstance which did not prevent him from receiving it, and making a very considerable payment thereon.

We think that notwithstanding Dewit was to pay for drayage and storage for a month, still after the coffee was brought to the warehouse, and the keeper had receipted for it, although some bags were still on the pavement, the coffee was delivered, and was at the risk, and consequently the property of the plaintiff.

Surely the promise to pay for one month's storage in a warehouse, designated by the vendee, would not leave the thing sold at the vendor's risk, without a positive stipulation. It is clear that if the warehouse had taken fire and the coffee been destroyed, the loss would have been the plaintiff's, not Dewit's ; as the coffee was at his risk it was his *res perit domino.*

We therefore conclude that the sales were both complete and perfect.

But it is urged that payment is a suspensive condition of a sale when no credit is given, and that till it be effected, the property does not pass to the vendee.

To this we have a contrary express statutory provision. Between the parties the

sale is considered as perfect, as soon as there exists an agreement for the object and the price, although the object has not been delivered, *nor the payment made. Civil Code,* 2431.

This however is said to be a general provision to which a sale for prompt payment proves an exception. It is clear the statute does not distinguish, and we cannot see how we can.

The particular provisions made for the security of the vendor in such sales, sufficiently show he is included in the general.

Until paid, he may refuse to deliver. *Civil Code,* 2463.

While the thing remains in the vendee's possession, he may within eight days avoid the contract, claim the thing, and prevent its sale. *Civil Code,* 3196.

After eight days, the thing being still in the possession of the vendee, the vendor may demand the sale and his payment out of the proceeds, in preference to all other creditors. *Civil Code,* 3194.

We cannot agree to the construction urged on us by the defendant's counsel of the art. 3196. It gives the vendor the right " to

East'n. District.
May, 1826.

HILL
vs.
MORGAN.

claim back the things sold, *as long as they are in the possession of the purchaser*, and prevent the resale of them; provided the claim for restitution be made within eight days."

This does not give any right against a fair purchaser to whom the thing has been delivered. The resale may be prevented, but not set aside; to prevent a resale is the consequence of the claim for restitution, when the vendor prefers that to the payment of the price, and the statute gives this claim for restitution, as long as the thing is in the possession of the purchaser; not after.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*Livermore* for the plaintiff, *Hennen* for the defendant.